# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| AZUCENA CASTRO, CLAUDIA E. CASTRO, JOSE SILVESTRE CASTRO, <br><br> Plaintiffs, <br><br> vs. <br><br> CRAIG STUART POULTON, individually and as the employee of USF REDDAWAY, INC., <br><br> Defendants. | Case No. 2:15-cv-01908-JCM-GWF <br><br> **ORDER** |

This matter is before the Court on Plaintiff Azucena Castro's Motion to Strike Deposition Testimony of Jose Salud Castro and Carolina Tafoya-De-Castro (ECF No. 29), filed on October 12, 2016. Defendants filed their Opposition (ECF No. 31) on October 28, 2016. Plaintiff filed her Reply (ECF No. 32) on November 7, 2016.

## BACKGROUND

This negligence action arose from a rear-end auto collision that occurred on November 26, 2013. Plaintiff Azucena Castro ("Plaintiff") was the driver of a sedan that was rear-ended by Defendants' semi tractor-trailer. At the time of the accident and subsequent to the accident, Plaintiff lived with her parents, Jose Salud Castro ("Jose Salud") and Carolina Tafoya-De-Castro ("Carolina"). After the accident, Plaintiff's father picked Plaintiff up from the scene of the accident because her car could not be driven. Defendants deposed Jose Salud and Carolina on September 22, 2016. Plaintiff represents that when Defendants sought their deposition testimony, it was presumed it was because Plaintiff testified that she was living with her parents at the time of the accident and continued to live with them during the treatment of her injuries sustained in the accident. *See Plaintiff's Motion to Strike*, (ECF No. 29), pg. 2.

During their depositions, Defendants asked Jose Salud and Carolina questions regarding their background, Plaintiff's accident, Plaintiff's health, and their own prior accidents, injuries, and medical treatment. When Defendants asked Jose Salud about the injuries he sustained from an accident, the parties conferred off the record and attempted to call the undersigned Magistrate Judge. As the depositions took place late in the day, the parties were unable to reach the Court and the depositions proceeded. Plaintiff argues that the depositions were conducted to unreasonably annoy, embarrass, and oppress the witnesses and that the testimony regarding the witnesses' accident history, lawsuits, and medical treatment is irrelevant. Plaintiff requests that the Court strike the irrelevant portions of the deposition testimony.[1]

## DISCUSSION

Under Rule 12(f) of the Federal Rules of Civil Procedure, the Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). The essential function of a Rule 12(f) motion is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th cir. 1993), *rev'd on other grounds*, 510 U.S. 517, 114 S. Ct. 1023. Striking material pursuant to Rule 12(f) is considered a "drastic remedy" that is "generally disfavored." *Nevada Fair Housing Center, Inc. V. Clark County*, 565 F. Supp.2d 1178 (D. Nev. 2008). Given their disfavored status, courts often require a showing of prejudice by the moving party before granting the requested relief. *Roadhouse v. Las Vegas Metro. Police Dep't*, 290 F.R.D. 535, 543 (D. Nev. 2013). Whether to grant a motion to strike lies within the sound discretion of the district court. *Id*. The court may strike a party's submissions other than pleadings under its "inherent power over the administration of its business." *Spurlock v. F.B.I*, 69 F.3d 1010, 1016 (9th Cir. 1995).

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the

---

[1] Plaintiff agree to allow pages 19-39 of Jose Salud's deposition transcript and pages 20-47 of Carolina's deposition transcript as relevant testimony.

amount in controversy, the parties' relative access to relevant information, the parties' resources, and the importance of the discovery in resolving the issues, and whether the burden and expense of the proposed discovery outweighs its likely benefit. Information within the scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). It is the objecting party's burden to establish why a discovery request should be denied. *See Tedrow v. Boeing Employees Credit Union*, 315 F.R.D. 358, 359 (W.D. Wash. 2016); *Painters Joint Comm. v. Employee Painters Trust Health & Welfare Fund*, 2011 WL 4573349, at *5 (D. Nev. Sept. 29, 2011).

Applying the principles of Rule 26, the Court finds that Plaintiff fails to show that portions of the witnesses' deposition testimony warrant being stricken as irrelevant. However, if Defendants intend to introduce the deposition testimony as evidence, the Court does not preclude Plaintiff from objecting to its admissibility. The Court therefore denies Plaintiff's Motion to Strike without prejudice to Plaintiff filing a motion in limine to exclude Plaintiff's parents' deposition testimony. Accordingly,

**IT IS HEREBY ORDERED** Plaintiff Azucena Castro's Motion to Strike Deposition Testimony of Jose Salud Castro and Carolina Tafoya-De-Castro (ECF No. 29) is **denied** without prejudice.

DATED this 9th day of December, 2016.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge