UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| AZUCENA CASTRO, et al., | Case No. 2:15-CV-1908 JCM (GWF) |
| Plaintiff(s), | ORDER |
| v. | |
| CRAIG STUART POULTON, et al., | |
| Defendant(s). | |

Presently before the court is plaintiff Azucena Castro's motion for partial summary judgment. (ECF No. 22). Defendants Craig Poulton ("Poulton") and USF Reddaway, Inc. ("USF Reddaway" and collectively, with Poulton, as "defendants") filed a response (ECF No. 23), to which plaintiff replied (ECF No. 24).

**I.     Facts**

This is a negligence action arising from an auto collision that occurred on November 26, 2013, involving plaintiff's sedan and Poulton's truck. (ECF No. 1-1). Defendant USF Reddaway employed Poulton as a line driver. (ECF No. 1-1). On the date of the incident, Poulton was driving a semi-tractor trailer that was delivering cargo for USF Reddaway. (ECF No. 1-1). Jose Castro and Claudia Castro were passengers in plaintiff's sedan, which plaintiff was driving. (ECF No. 1-1).

Around 7:30 p.m. that night, both vehicles were traveling southbound on US 95, with plaintiff's sedan traveling in front of Poulton's semi. (ECF No. 22). As the semi approached plaintiff's sedan, Poulton began to slow down as he observed the vehicles in front of him slowing down. (ECF No. 22). Shortly thereafter, both plaintiff's sedan and the vehicle in front of plaintiff's sedan came to a sudden stop. (ECF No. 22). Poulton slammed on his breaks, but was unable to

**James C. Mahan**
**U.S. District Judge**

stop before colliding into the rear of plaintiff's sedan.  (ECF No. 22).  Nevada Highway Patrol cited Poulton for violation of NRS 484B.603, stating that Poulton "failed to use due care and slow sufficiently to avoid an accident."  (ECF No. 22-2).

On September 1, 2015, plaintiff filed an amended complaint in state court alleging seven causes of action: (1) negligence and (2) negligence *per se* against Poulton; and (3) *respondeat superior*, (4) negligent entrustment, (5) negligent hiring, (6) negligent training, and (7) negligent supervision against USF Reddaway.[1]  (ECF No. 1-1).

On October 5, 2015, defendants removed the action to federal court.  (ECF No. 1).  On January 19, 2016, the court granted the parties' stipulation and dismissed plaintiff's fourth through seventh causes of action.  (ECF No. 13).

In the instant motion, plaintiff moves for partial summary judgment as to liability on her negligence and negligence *per se* claims.  (ECF No. 22).

**II.    Legal Standard**

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a).  A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the nonmoving party.  *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990).  However, to withstand summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, a court applies a burden-shifting analysis.  "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at

---

[1]  Jose Castro and Claudia Castro were named plaintiffs in the amended complaint, but later settled their portion of the litigation with defendants.  (ECF No. 22 at 5).  On June 30, 2016, the court dismissed their claims against defendants pursuant to a stipulation.  (ECF No. 19).

trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party need not establish a dispute of material fact conclusively in its favor. *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Id.*

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether a genuine dispute exists for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

**James C. Mahan**
**U.S. District Judge**

### III. Discussion

In the instant motion, plaintiff argues that she is entitled to summary judgment as to liability because Poulton rear-ended her and, in doing so, violated NRS 484B.603. (ECF No. 22 at 9). In response, defendants contend that plaintiff has not met her summary judgment burden and that numerous issues of material fact remain. (ECF No. 23 at 2).

To prevail on a claim for negligence, a plaintiff must generally establish four elements: (1) the existence of a duty of care; (2) breach of that duty; (3) legal causation; and (4) damages. *Sanchez v. Wal-Mart Stores, Inc.*, 221 P.3d 1276, 1280 (Nev. 2009). In general, whether a defendant owes a plaintiff a duty of care is a question of law. *See id*. However, "issues of negligence and proximate cause are considered issues of fact and not of law, and thus they are for the jury to resolve." *Nehls v. Leonard*, 630 P.2d 258, 260 (Nev. 1981); *see also Foster v. Costco Wholesale Corp.*, 291 P.3d 150, 153 (Nev. 2012) ("Courts often are reluctant to grant summary judgment in negligence actions because whether a defendant was negligent is generally a question of fact for the jury to resolve.").

"When a defendant violates a statute which was designed to protect a class of persons to which the plaintiff belongs, and thereby proximately causes injury to the plaintiff, such a violation constitutes negligence *per se*, unless the defendant can show that the violation was excused." *Barnes v. Delta Lines, Inc.*, 669 P.2d 709, 710 (Nev. 1983) (per curiam). Section 484B.603 of the Nevada Revised Statutes provides, in relevant part, that "speed must be decreased as may be necessary to avoid colliding with any person, vehicle or other conveyance on or entering a highway in compliance with legal requirements and the duty of all persons to use due care." Nev. Rev. Stat. § 484B.603(1).

Plaintiff maintains that based on Poulton's deposition testimony, there is no dispute that the collision was caused by Poulton's failure to safely operate his truck and comply with traffic laws. (ECF No. 22 at 5). Plaintiff asserts that she has met her burden to prove liability as to her negligence and negligence *per se* claims because Poulton "acknowledged he was at fault for the accident." (ECF No. 22 at 7).

James C. Mahan
U.S. District Judge

- 4 -

In response, defendants argue that plaintiff mischaracterized Poulton's testimony and that he merely admitted to rear-ending plaintiff's sedan, which does not amount to proof that Poulton acted improperly and was negligent. (ECF No. 23 at 7). Defendants assert that whether Poulton caused the accident and whether his conduct was reasonable under the circumstances are questions of fact for the jury. (ECF No. 23 at 6–8). Defendants thus maintain that summary judgment as to liability is inappropriate. (ECF No. 23).

The court agrees. "The fact there was a rear end collision does not make the (driver of the second automobile) guilty of negligence as a matter of law. Whether the (second driver) was negligent is a question to be determined by the jury from all the evidence." *Nehls*, 630 P.2d at 261. Accepting all evidence favorable to plaintiff, factual issues exist as to whether Poulton was negligent and whether his actions proximately caused plaintiff's injury.

While plaintiff asserts that Poulton acknowledged he was at fault for the collision, the record shows that Poulton merely acknowledged the possibility that he could have been at fault. More specifically, during his deposition, Poulton responded, "I could have been," when asked, "do you believe it's possible that you were at fault, or at least partially at fault for this accident?" (ECF No. 23-1 at 10). Further, Poulton stated in his deposition that the two cars in front of him (plaintiff's sedan and the vehicle in front of plaintiff's sedan) just immediately stopped in the middle of the road for no reason. (ECF No. 23 at 3).

At a trial, the evidence may persuade the jury that the vehicle in front of plaintiff's sedan stopped suddenly and without adequate warning, that the stop unnecessarily exposed Poulton to unreasonable risk, and that the stop constituted a substantial factor in causing the collision in which plaintiff sustained injuries.

In light of the forgoing, the court finds that genuine issues of fact exist to preclude summary judgment on the issue of liability. Accordingly, the court will deny plaintiff's motion for partial summary judgment.

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

### IV.   Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion for partial summary judgment (ECF No. 22) be, and the same hereby is, DENIED.

DATED December 23, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**