# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| AZUCENA CASTRO, CLAUDIA E. CASTRO, JOSE SILVESTRE CASTRO, <br><br> Plaintiffs, <br><br> vs. <br><br> CRAIG STUART POULTON, individually and as the employee of USF REDDAWAY, INC., <br><br> Defendants. | Case No. 2:15-cv-01908-JCM-GWF <br><br> **ORDER** |

This matter is before the Court on Defendants Craig Stuart Poulton and USF Reddaway, Inc.'s Motion to Amend Answer (ECF No. 33), filed on November 21, 2016. Plaintiff filed her Opposition (ECF No. 36) on December 8, 2016. Defendants filed their Reply (ECF No. 38) on December 15, 2016.

This matter arises from a rear-end auto collision that occurred on November 26, 2013. Plaintiff Azucena Castro ("Plaintiff") was the driver of a sedan that was rear-ended by Defendants' semi tractor-trailer. Defendants argue that the collision was staged by Plaintiff and request leave to amend their answer to assert fraud as an affirmative defense pursuant to Fed. R. Civ. P. 15. *See Defendants' Motion* (ECF No. 33), pg. 2. Plaintiff argues that Defendants' request to amend their answer is brought in bad faith and for the purposes of undue delay. *See Plaintiff's Opposition* (ECF No. 36), pg. 8-11.

Fed. R. Civ. P. 15 states that "...a party may amend its pleading only with the opposing party's written consent or the court's leave. The Court should freely give leave when justice so requires." Fed. R. Civ. P. 15(b). There is a "strong policy to permit the amending of pleadings." *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 765 (9th Cir.1986) (quoting *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir.1973). In determining whether leave to amend is appropriate, the Court considers five factors: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, and (4) futility of amendment.*" Loehr v. Ventura County Comm. College Dist.*, 743 F.2d 1310, 1319 (9th Cir.1984).

Futility of amendment is "analyzed under the same standard of legal sufficiency as a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Richmond v. Mission Bank*, 2014 WL 6685989, at *5 (E.D. Cal. Nov. 26, 2014). When considering the factors listed above, the Court should make all inferences in favor of granting the motion. *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir.1999).

The evidence does not suggest there is undue delay, bad faith, prejudice to the opposing party, or futility of amendment. Here, Plaintiff argues that Defendants filed their Motion to Amend in bad faith to avoid an adverse partial summary judgment ruling. The Court does not find that there is evidence to suggest that Defendants acted with a purpose to avoid an adverse ruling or in bad faith. The Court does not find undue delay because Defendants brought their Motion to Amend within the deadline to file motions to amend pleadings. *See* ECF No. 21. Plaintiff acknowledges that granting leave to amend would cause very minimal prejudice to Plaintiff. *See Plaintiff's Opposition* (ECF No. 36) pg. 36, ln 26-27. Prejudice must be substantial to justify a denial of leave to amend. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.1990). As a result, this factor does not weigh against granting Defendants leave to amend. The futility of amendment factor does not weigh against granting leave to amend because there appears to be sufficient factual support to allege fraud as an affirmative defense.

On September 8, 2016, Plaintiff filed her Motion in Limine to preclude Defendants from presenting a fraud defense at trial (ECF No. 25) and is currently pending before the Court. In the event that the Court grants Plaintiff's Motion in Limine, the fraud affirmative defense may be stricken. Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Amend Answer (ECF No. 33) is **granted**.

**IT IS FURTHER ORDERED** that Defendants shall file their First Amended Answer on or before **January 27, 2017**.

DATED this 19th day of January, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge